MARK A. KLAASSEN
United States Attorney
STEPHANIE I. SPRECHER (WSB #6-2988)
C. LEVI MARTIN (WSB #6-3781)
JONATHAN C. COPPOM (WSB # 7-5548)
Assistant United States Attorneys
P.O. Box 668
Cheyenne, WY 82003
Phone: 307-772-2124
stephanie.sprecher@usdoj.gov
christopher.martin@usdoj.gov
jonathan.coppom@usdoj.gov

JONATHAN S. WILLETT
255 Canyon Blvd., Ste 100
Boulder, CO 80302
and
1775 Sherman Street, Ste. 1650
Denver, CO 80203
303-832-5648
jwillett@willettlaw.net

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**VARIOUS AMOUNTS OF UNITED STATES CURRENCY IN 17 BANK ACCOUNTS,**<br><br>Defendants. | **Case No. 18-cv-189-ABJ** |

### STIPULATION FOR COMPROMISE SETTLEMENT

Plaintiff, United States of America, by and through the United States Attorney for the District of Wyoming, and Stephanie Sprecher, Jonathon Coppom, and Levi Martin,

Assistant United States Attorneys, and the claimant, Eleazar Najera-Mata, by and through his attorney Jonathan Willett, hereby stipulate and agree as follows:

1. On November 13, 2018, the United States filed a Verified Complaint for Civil Forfeiture in rem (Doc. 1) against United States currency found in seventeen different bank accounts. The complaint alleged the currencies in the various Subject Accounts were forfeitable under 21 U.S.C. § 881(a)(6) as proceeds of and traceable to unlawful sales of controlled substances, and 18 U.S.C. § 981(a)(1)(A) as property involved in and traceable to money laundering.

2. On December 18, 2018, the claimant Eleazar Najera-Mata filed his claim asserting an ownership interest in and to the $22,477.75 in Subject Account 5. *See* (Doc. 30).

3. Initially, there were eleven other claimants for eleven of the other Subject Accounts. On the remaining five Subject Accounts, no one came forward to claim them. All but claimant Najera-Mata have since withdrawn their claims. *See* (Doc.'s 121, 123, 129, 130, 132). Pursuant to Rule G(5) of the Supplemental Rules of Certain Admiralty Maritime Claims, Federal Rules of Civil Procedure, the time for filing a claim and answer in this action has passed.

4. The parties hereby agree to settle and compromise this action on the terms set forth in this stipulation. This stipulation, however, is not intended to be, and should not be construed as, an admission of wrongdoing, liability or fault by either Eleazar Najera-Mata or the United States, its agents, servants, or employees. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

2

5. Claimant Najera-Mata hereby consents and agrees to the entry of a judgment of forfeiture on the Complaint for Civil Forfeiture *in rem* consistent with the following terms.

    A. The United States shall return to Claimant Najera-Mata, by and through his attorney Jonathan Willett, the sum of **$5,000** (five thousand dollars) via a payment made through the United States Treasury. Claimant acknowledges that the Debt Collection Improvement Act of 1996, as codified at 31 U.S.C. § 3716 and administered through the Treasury Offset Program (TOP), requires the United States Treasury to offset federal payments to collect certain delinquent debts owed by a payee to the United States, a United States agency, or a state government. Accordingly, Claimant Najera-Mata acknowledges that the amount to be returned to him under this settlement agreement may be reduced by the amount of any such delinquent debt that the United States Treasury is required to collect through TOP.

    B. Claimant Najera-Mata agrees that all right, title, and interest in the remaining currency from Subject Account 5, **$17,477.75** (seventeen thousand four hundred seventy-seven dollars and seventy-five cents), shall be forfeited to and shall vest in the United States of America for disposition according to law.

6. Each party shall bear its own costs, attorney's fees, and expenses.

7. Claimant Najera-Mata hereby waives any and all claims relating to the seizure or forfeiture of the currency in Subject Account 5 (including any claims for lost profits or interest) that he has or might have against the United States of America, including without limitation the United States Department of Justice and the United States Marshal Service, and all agents, officers, and employees thereof (collectively, the Released Parties).

8. Claimant Najera-Mata agrees to hold the Released Parties harmless from any and all claims of third parties pertaining to the currency in Subject Account 5.

9. Claimant Najera-Mata agrees that the Court may enter a certificate of reasonable cause under 28 U.S.C. § 2465(a)(2) as to the currency in Subject Account 5 upon entry of judgment or at any time thereafter if requested by the United States.

10.     Claimant Najera-Mata agrees not to assist any other individual or entity in any effort to contest the forfeiture of the currency in Subject Account 5.

11.     This written stipulation contains the entire agreement between Claimant Najera-Mata and the United States of America.

12.     The Court shall retain jurisdiction in this cause for the purpose of enforcing the terms of this stipulation for compromise settlement.

13.     This Stipulation may be executed in several counterparts with a separate signature page for each party.  All such counterparts and signature pages, together, shall be deemed to be one document.

Respectfully submitted,


MARK A. KLAASSEN
United States Attorney

By: _____ Date: _____        _____ Date: 9/17/20
LEVI MARTIN                                       JONATHAN WILLETT
STEPHANIE SPRECHER                                Atty for Claimant Najera-Mata
JONATHAN COPPOM
Assistant United States Attys
                                                  _____ Date: 09-17-2020
                                                  Eleazar Najera-Mata
                                                  Claimant/Owner Taco Star

4

10. Claimant Najera-Mata agrees not to assist any other individual or entity in any effort to contest the forfeiture of the currency in Subject Account 5.

11. This written stipulation contains the entire agreement between Claimant Najera-Mata and the United States of America.

12. The Court shall retain jurisdiction in this cause for the purpose of enforcing the terms of this stipulation for compromise settlement.

13. This Stipulation may be executed in several counterparts with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Respectfully submitted,

MARK A. KLAASSEN
United States Attorney

By: _____ Date: 9/17/2020
LEVI MARTIN
STEPHANIE SPRECHER
JONATHAN COPPOM
Assistant United States Attys

_____ Date: 9/17/20
JONATHAN WILLETT
Atty for Claimant Najera-Mata

_____ Date: 09-17-2020
Eleazar Najera-Mata
Claimant/Owner Taco Star

4