IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2020 SEP 30  PM 4:00

MARGARET BOTKINS, CLERK
CHEYENNE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VARIOUS AMOUNTS OF UNITED
STATES CURRENCY IN 17 BANK
ACCOUNTS,

    Defendants.

Case No. 18-cv-189-ABJ

---

### ORDER GRANTING GOVERNMENT'S MOTION TO STRIKE, ENTERING DEFAULT, AND GRANTING DEFAULT JUDGMENT

---

**THE COURT**, having reviewed the United States' Combined Motion to Strike Answers and Amended Answers, Request for Entry of Default, and Motion for Default Judgment (Motion), its attached Exhibit 1, the Declaration of David Tyree, the record, and being otherwise fully advised in the premises and law, **FINDS**:

This is a civil forfeiture action *in rem* against about $1,518,209.30 in United States currency that the government alleges was "involved in and traceable to money laundering." (ECF Nos. 1, 95.) The Court has jurisdiction over this matter because the government executed arrest warrants *in rem* issued by this Court on the currency. (ECF Nos. 62-63, 67.) The government provided notice to known potential claimants, (ECF No. 2), and published notice on www.forfeiture.gov, which is an official internet government forfeiture website, for at least 30 consecutive days. (ECF No. 80.) Under Supplemental Rule G(5) of the Federal Rules of Civil Procedure, the government's actual notice and publication of this action created two deadlines. Potential claimants known to the government were required to file a verified claim within

1

thirty-five days of the notice's mailing, which was December 18, 2018. (*See* ECF No. 2, at 6.) Unknown potential claimants were required to file a verified claim within sixty days of the government's first day of publication, which was January 21, 2019. (*See* ECF No. 80.) Any claimant was then required to file an answer with this Court within twenty-one days of the filing of its verified claim. Supp. R. Fed. R. Civ. P. G(5)(b). A number of noticed known claimants satisfied these requirements. (ECF Nos. 7, 9, 11, 13, 15–17, 20, 22–25, 30, 39, 44–47, 91 (claims and answers).)

On March 1, 2019, the United States asked the clerk of court to enter default against the currency associated with accounts ending -2786, -8232, -8819, -2982, and -3478. (ECF No. 83.) The clerk entered default against that currency on March 8, 2019, because no claimant had completed the claim process for that currency. (ECF No. 86.) As of the date of this order, it remains that no claimant has attempted to set aside default or claims that currency.

On April 12, 2019, the United States filed an amended verified complaint with leave of this Court. (ECF No. 93, 95.) In response, most claimants filed amended answers. (ECF Nos. 98–102, 104, 107.) The claimants making claims on the currency associated with accounts ending -9531, -3196, and -9966, did not file amended answers. The Court finds these claimants' original answers nonresponsive to the United States' amended verified complaint. Thereafter, all claimants but one filed motions withdrawing their verified claims. (ECF Nos. 119, 122, 124–25, 131.) This Court granted all of those motions. (ECF No. 121, 123, 126, 129, 132.)

In the Motion before this Court, the United States moves the Court to strike the withdrawn claimants' answers and amended answers. It explains that it is entitled to move to strike the answers and amended answers under Rule G(8)(c)(i) because a claimant must file both a claim and an answer. Because the claimants have withdrawn their claims, it argues they no longer comply

with the Rule G(5). The United States further argues the Court should not provide any period to cure because the claimants' voluntary decisions to withdraw their claims demonstrates they have no intention of further litigating or defending against forfeiture.

The Court agrees with the United States. It finds that the claimants' relevant answers and amended answers should be struck for failing to comply with Rule G(5). The Court finds it unnecessary to provide any period to cure because the claimants' voluntary withdrawal of their claims is an admission they have no intention of defending against forfeiture.

The United States next asks the Court to enter default against the currency associated with the accounts ending in -9531, -3196, -9966, -9279, -1085, -8600, -0010, -8105, -4033, and two safety deposit boxes. Under Fed. R. Civ. P. 55(a), a party may direct a request for entry of default to the court clerk when a defending party has "failed to plead or otherwise defend" against the complaint. But the United States explains that "[a] request for default . . . may be directed to the court itself." Motion, at 4. The Court agrees. *See Breur Elec. Mfg. v. Toronado Sys.*, 687 F.2d 182, 185 (7th Cir. 1982) ("[I]t is well-established that a default also may be entered by the court.") (citing 6 James Wm. Moore et al., Moore's Fed. Prac. ¶ 55.03(1) at 55-31 (1976 ed.)). The Court finds an entry of default against the currency associated with the above-listed accounts is appropriate.

Finally, the United States asks the Court to grant it default judgment against the defaulted currency. The Court finds that the deadline for all known or unknown potential claimants to file a claim and answer has expired. As a result, no potential claimant may now file a claim or answer. It further finds that no known potential claimant is incompetent or a member of the United States military. This finding is supported by the affidavit of David Tyree, which accompanies the United States' Motion. It is also supported by the fact the majority of the known claimants filed claims

and answers and then withdrew their claims, which documents they received effective notice. The Court finds the United States cannot reasonably know the status of unknown claimants because, to the extent they exist at all, they are unknown.

The Court concludes and finds that default judgment is appropriate here. All known claimants have withdrawn their claims and demonstrated abandonment of this case. Regarding the previously defaulted currency associated with accounts ending -2786, -8232, -8819, -2982, and -3478, no effort has been made to set aside default or claim that currency. And because the deadlines to file claims and answers have expired, no potential claimant, known or unknown, may make a claim against the currency that is the subject of the United States' Motion.

**NOW THEREFORE**, the Court **ORDERS, AJUDGES, AND DECREES**:

A. The answers and amended answers related to the currency relevant to the United States' Motion are hereby struck;

B. The Court enters default against the currency associated with the accounts ending -9531, -3196, -9966, -9279, -1085, -8600, -0010, -8105, -4033, and the two Herring Bank safety deposit boxes;

C. The Court enters default judgment in favor of the United States against that same currency and the previously defaulted currency associated with the accounts ending -2786, -8819, -2982, -3478, and -8232;

D. All right, title, and interest to all currency associated with the defendant accounts and safety deposit boxes that were seized are hereby forfeited and vested in the United States, which shall be entitled to transfer or dispose of such currency in accordance with any applicable law;

5

E.  A certificate of reasonable cause shall be entered in accordance with 28 U.S.C. § 2465(a)(2); and

DATED this 30TH day of Sept. 2020.

/s/ Alan B. Johnson
Alan B. Johnson
United States District Judge